**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Claudia Sampedro, Katarina Van Derham, Lina Posada, Rachel Koren, Sandra Valencia, Tiffany Toth, and Vida Guerra,<br><br>Plaintiffs,<br><br>v.<br><br>La Bodega Nightclub LLC and C-Vine Lounge LLC,<br><br>Defendants. | **Civil Action No.**<br>**Judge**<br>**Mag. Judge** |

## COMPLAINT AND JURY DEMAND

Plaintiffs Claudia Sampedro, Katarina Van Derham, Lina Posada, Rachel Koren, Sandra Valencia, Tiffany Toth, and Vida Guerra (collectively, "Plaintiffs"), by and through their undersigned counsel, for their Complaint and Jury Demand, respectfully allege, based on personal knowledge as to facts relating to themselves and upon investigation of counsel for all other allegations, against La Bodega Nightclub LLC and C-Vine Lounge, LLC ("Defendants"), on information and belief doing business as La Bodega Lounge and previously doing business as C-Vine Lounge respectively at the same location in Appleton, Outagamie County, Wisconsin (the "Club"), as set forth below:

## I. BACKGROUND

1. This case is about unauthorized commercial use of seven professional models' likenesses and advertising ideas in advertisements for a business.

2. Defendants' wrongful conduct, as further described below, gives rise to Plaintiffs' claims against Defendants under the federal Lanham Act, 15 U.S.C. § 1125(a), under Wisconsin common law, and under principles of equity, entitling Plaintiffs to an award of damages, equitable remedies, injunctive relief, costs, attorney's fees, and all such other relief as is just and proper as requested herein.

## II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege Defendants violated the federal Lanham Act, 15 U.S.C. §1125, *et seq*.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this under 28 U.S.C. § 1391 because Defendants are in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district and division.

## III. PARTIES

### A. Plaintiffs

6. Plaintiff Claudia Sampedro resides in Florida and has a commercial interest in her own image from her professional modeling work.

7. Plaintiff Katarina Van Derham resides in California and has a commercial interest in her own image from her professional modeling work.

8. Plaintiff Lina Posada resides in Florida and has a commercial interest in her own image from her professional modeling work.

9. Plaintiff Rachel Koren resides in California and has a commercial interest in her own image from her professional modeling work.

10. Plaintiff Sandra Valencia resides in the Medellin, Republic of Colombia, and has a commercial interest in her own image from her professional modeling work.

11. Plaintiff Tiffany Toth resides in California and has a commercial interest in her own image from her professional modeling work.

12. Plaintiff Vida Guerra resides in California and has a commercial interest in her own image from her professional modeling work.

### B. The Club and Defendants

13. "La Bodega Lounge" is a nightlife venue located at 531 W College Ave, Appleton, WI 54911.

14. "C-Vine Lounge" was also a nightlife venue located at 531 W College Ave, Appleton, WI 54911.

15. "La Bodega Lounge" and "C-Vine Lounge" are collectively referred to herein as the "Club."

16. Defendant La Bodega Nightclub LLC is a Wisconsin limited liability company entity identification number L083351.

17. Defendant La Bodega Nightclub LLC's registered agent is Juan A Santiago Hernandez.

18. Defendant C-Vine Lounge LLC is a Wisconsin limited liability company entity identification number C088090.

19. Defendant C-Vine Lounge LLC's registered agent is Conrado Lopez.

20. La Bodega Nightclub LLC and C-Vine Lounge LLC are collectively referred to herein as "Defendants."

21. On information and belief, Defendant La Bodega Nightclub LLC acquired, assumed, or otherwise was the successor in interest to the goodwill, assets, and/or liabilities of Defendant C-Vine Lounge LLC, or, in the alternative, Defendant La Bodega Nightclub LLC, whether expressly or impliedly, entered into some other

form of agreement with Defendant C-Vine Lounge LLC with respect to the use, continuation, taking possession of, republication, and rebranding of the content of a common Facebook Social Media Account previously maintained by C-Vine Lounge LLC in or around December 2024.

22. La Bodega Lounge LLC holds Class "B" beer and "Class B" liquor licenses for the Club under the business name "La Bodega Lounge."

23. On information and belief, Defendants own, operate, and manage, or previously owned, operated, and managed, the Club.

24. As the current and former owners, operators, and managers of the Club, Defendants are responsible for the advertisements used by the Club's own officers, managers, employees, agents, affiliates, or independent contractors to promote the Club.

## IV. <u>GENERAL ALLEGATIONS</u>

25. Each Plaintiff is a well-known professional model who has earned compensation by commercializing her image, identity, and likeness (collectively, each Plaintiff's "Image") through numerous professional modeling photoshoots for many business endeavors, including the advertisement and promotion of both herself as a model and of third parties' products and services through negotiated, arms-length transactions with third-party commercial brands that wish to use that Plaintiff's Image for advertising.

26. Each Plaintiff uses her Image as her overall brand and trade dress for her herself as a professional model.

27. Each Plaintiff's Image constitutes the total overall look of each Plaintiff and identifies each Plaintiff to consumers generally as well as to potential advertising clients who may wish to pay such Plaintiff for modeling services.

28. Each Plaintiff offers potential advertisers who wish to hire that Plaintiff a distinct advertising idea: if you use my Image and the inherently distinct and unique way I look in an advertisement for your product or service, you will bring increased attention and business to your product or service.

29. Each Plaintiff trades on her Image and advertising idea to bring attention to the publications, products, brands, and services she chooses to affiliate with, uses social media to enhance her own brand, and exercises control over the use of her Image and advertising idea by third parties by vetting the reputation, brand, and type of goods or services advertised by any potential third party client prior to authorizing the use of her Image and advertising idea by that client.

30. Each Plaintiff places a high degree of value on her goodwill and reputation, including her ability to control which clients she chooses to work with, so that she can maximize her earning potential, book modeling contracts, offer exclusivity, and maintain control of her own individual brand, and thus, Plaintiffs are necessarily selective concerning the companies and brands for which they model.

31. Each Plaintiff is not a "stock imagery" model whose Image can be licensed for commercial use without the Plaintiff's prior consent.

32. Unauthorized commercial use of each Plaintiff's Image deprives that Plaintiff of the fair market value compensation she would have otherwise earned for authorized commercial use of her Image in an advertisement, infringes each Plaintiff's trade dress, misappropriates each Plaintiff's advertising idea, takes away her control, and further diminishes, defames, and disparages the goodwill and reputation she has built, and the amount of future compensation she can command, for the licensed or authorized commercial use of her Image.

33. Defendants use or used, among other things, pictures of women to promote, advertise, and market the Club, solicit customers for the Club, and imply endorsements of the Club, both directly and through various promoters, including through posts on various social media pages.

34. Defendants are ultimately responsible for the advertising content used by or on behalf of the Club on the Club's own social media pages through the Club's officers, managers, employees, agents, or independent contractors or on the social media pages of those promoters with whom Defendants choose to work to increase business at the Club.

35. Defendants' social media pages for the Club include at least the common Facebook account https://www.facebook.com/cvine14/ (the "Social Media

Account") and on January 28, 2025, the Social Media Account changed name from "C-Vine Lounge" to "La Bodega Lounge."

36. As of October 2026, the Social Media Account had over 5,200 followers.

37. The Social Media Account was created on April 26, 2014 and has been in continuous use thereafter.

38. Multiple posts on the Social Media Accounts advertising the Club (hereinafter the "Offending Advertisements") used and altered, and continue to use and alter, without payment or permission, photographs of one or more of the Plaintiffs in this action and further infringe the trade dress of such Plaintiff and misappropriate the advertising idea of such Plaintiff.

39. On information and belief, on or around January 28, 2025, La Bodega Lounge LLC took over operations of the Social Media Account, changed the name on the account from "C-Vine Lounge" to "La Bodega Lounge," and added its branding to every prior post on the Social Media Account in an act of republication so that the Offending Advertisements that Defendant C-Vine Lounge LLC initially published with solely C-Vine Lounge branding were republished and rebranded by Defendant La Bodega Lounge LLC with La Bodega Lounge branding, all while maintaining the same social media followers as had in the prior iteration of the account.

40. Such Offending Advertisements make it appear that each Plaintiff worked at, endorsed, was associated with, was affiliated with, or allowed use of her Image to

advertise the Club, however each Plaintiff does not work at, has not endorsed, is not associated with, is not affiliated with, and has not allowed use of her Image by or for the Club.

41. The Offending Advertisements disparage each Plaintiff and her modeling services by taking away her ability to choose which advertisers use her Image and forcing an association between each Plaintiff and the Club.

42. The Offending Advertisements show a false connection between each Plaintiff and the Club, devaluing each Plaintiff's own brand and services, and further falsely imply that Plaintiff may be at the Club in some capacity.

43. The Offending Advertisements and the related misappropriations of each Plaintiff's Image, Trade Dress, and Advertising Idea by or for Defendants occurred without any Plaintiff's knowledge, consent, or authorization.

44.Examples of Offending Advertisements at issue using Plaintiff Claudia Sampedro's Image and advertising idea are as follows:






45.An example of an Offending Advertisement at issue using Plaintiff Katarina Van Derham's Image and advertising idea is as follows:




46.An example of an Offending Advertisement at issue using Plaintiff Lina Posada's Image and advertising idea is as follows:



47. An example of an Offending Advertisement at issue using Plaintiff Rachel Koren's Image and advertising idea is as follows:



48.Examples of Offending Advertisements at issue using Plaintiff Sandra Valencia's Image and advertising idea are as follows:












49.An example of an Offending Advertisement at issue using Plaintiff Tiffany Toth's Image and advertising idea is as follows:




50.An example of an Offending Advertisement at issue using Plaintiff Vida Guerra's Image and advertising idea is as follows:



51.The Offending Advertisements (including the examples listed above) remain posted live online on the Social Media Account and constitute continuing and ongoing violations of each Plaintiff's rights.

52.Defendants' ongoing use of each Plaintiff's Image and advertising idea in the Offending Advertisements without payment or permission damages and harms each Plaintiff by depriving her of payment to which she would have been entitled for a licensed use of her Image, by disparaging her brand and reputation, by taking away her ability to offer other advertisers exclusivity, by taking away her ability to control commercial use of her own Image, by disparaging that Plaintiff's modeling work and services including as a "non-stock" model, and by disparaging that Plaintiff's professional and personal reputation as someone unaffiliated with Defendants' business.

## V. <u>CLAIMS FOR RELIEF</u>

### COUNT I
### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* subsections (a)(1)(A) and (a)(1)(B)

53.Plaintiffs re-state and re-allege paragraphs 1 through 52 above and incorporate the same by reference as though fully set forth herein.

54.Each Plaintiff brings this claim against both Defendants.

55.The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name,

> symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

56. Defendants are liable to all Plaintiffs for violations of subsections 1125(a)(1)(A) (the "false association" or "false endorsement" subsection) and 1125(a)(1)(B) (the "false advertising" subsection) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

57. Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

58. Each Plaintiff has appeared in numerous authorized advertising campaigns and has her own social media following.

59.Each Plaintiff earns or has earned compensation by commercializing her own Image and advertising idea for use by reputable brands and services through arms-length negotiated transactions.

60.Each Plaintiff possesses a valid and protectable interest in her own Image eligible for protection under 15 U.S.C. § 1125(a)(1).

61.Each Plaintiff's Image is her trade dress for her own modelling services.

62.Each Plaintiff has possessed, maintained, and safeguarded her exclusive right to control the use of her own Image.

63.Prior to authorizing the use of her Image by a third-party potential client, each Plaintiff carefully considers the reputation of that potential client and the good or service being promoted.

64.Each Plaintiff did not authorize Defendants' use of that Plaintiff's Image, nor did Plaintiffs grant anyone else authority to authorize Defendants' use of any Plaintiff's Image.

65.Defendants are responsible for their use of each Plaintiff's Image in the Offending Advertisements.

66.Defendants used each Plaintiff's Image in Offending Advertisements without consent, license, authorization, or legal right.

67.Defendants' unauthorized use of each Plaintiff's Image is ongoing and continuing as of the date of this Complaint.

68. In the Offending Advertisements, Plaintiffs are depicted and readily identifiable.

69. Defendants' unauthorized use of each Plaintiff's Image in Offending Advertisements for the Club creates the false impression that Plaintiffs are affiliated with, associated with, have endorsed, promoted, agreed to advertise, would be appearing at, or otherwise participated in the Club.

70. Plaintiffs, however, have never been employed by, performed at, or affiliated themselves in any way with the Club or either Defendant.

71. Plaintiffs would not agree to allow their Image to be used to promote the Club in advertisements without being asked for permission first and without receiving at least fair market value compensation for the use of her Image, Trade Dress, and Advertising Idea.

72. Defendants placed, or participated in causing to be placed, the Offending Advertisements as either originally posted or rebranded on some of the very same social media marketing channels used in interstate commerce by each Plaintiff to promote both herself and the third-party brands, products, and services each Plaintiff chooses to work with.

73. Defendants' unauthorized use of each Plaintiff's Image in the Offending Advertisements is likely to cause confusion as to each Plaintiff's association with,

affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club.

74. On information and belief, Defendants' unauthorized use has caused actual confusion among advertisers (including Defendants themselves) and consumers as to Plaintiffs' affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club or the Club's activities.

75. Defendants knew or should have known that they had no right to use Plaintiffs Images to promote or advertise the Club.

76. Defendants knew or should have known that obtaining the right to use Plaintiffs' Images would have required consent and substantial compensation.

77. Defendants' unauthorized use of Plaintiffs' Images without seeking their consent under these circumstances constitutes willful and deliberate conduct, or, in the alternative, Defendants recklessly or negligently failed to exercise reasonable care by failing to ensure that Defendants only used content in its advertisements that Defendants had the legal right to use and by further failing to promulgate sufficient policies and procedures regarding use of persons' Images in advertisements for the Club.

78. As a direct and proximate result of Defendants' actions as described herein, the Club enjoyed increased revenues and profits subject to disgorgement.

79. As direct and proximate result of Defendants' actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value compensation Plaintiffs would have otherwise received for the authorized or licensed use of her Image, and harm to Plaintiffs' goodwill and reputation, including their modeling goods and services, which has been disparaged and defamed by Defendants' conduct, all in an amount to be established at trial.

80. Based on the foregoing, all Plaintiffs demand judgment against Defendants on their respective Lanham Act claims and entry of an order awarding them damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT II**
**<u>Violation of Plaintiffs' Common Law of Right of Publicity</u>**

81. Plaintiffs re-state and re-allege paragraphs 1 through 52 above and incorporate the same by reference as though fully set forth herein.

82. Each Plaintiff brings this claim against Defendants.

83. Each Plaintiff's Image is an element of that Plaintiff's identity.

84. Each Plaintiff's Image has significant commercial value as a result of each Plaintiff's professional modeling work.

85. Defendants published, posted, displayed, and/or otherwise publicly used or caused to be used such Plaintiff's Images on the Social Media Account without that Plaintiff's consent for the purposes of trade and commercial advertising, including,

but not limited to, promoting, advertising, marketing, and implying endorsement of the Club and the Club's events and activities.

86. Accordingly, Defendants appropriated for their own use and benefit the reputation, prestige, commercial standing, public interest, distinctive look, and other values of Plaintiffs without consent or legal right.

87. Each Plaintiff is clearly visible and readily identifiable and distinguishable in the Offending Advertisements in which Defendants used her Image.

88. Each Plaintiff never consented to, authorized, licensed, or otherwise permitted any Defendants' use of her Image for any purpose.

89. Defendants did not use Plaintiffs' Images in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

90. Defendants did not use Plaintiffs' Images primarily for the purpose of communicating information or expressing ideas, rather, Defendants used each Plaintiffs' Images primarily for the purpose of commercially advertising the Club.

91. Defendants acted intentionally in using each Plaintiff's Image, and, knowing they did not have permission to use the Images, posted or rebranded the Offending Advertisements containing Plaintiffs' respective Images on the Social Media Account all to market the Club and its activities and events without the authorization

of each Plaintiff, appropriating for Defendants' own benefit the Image of such Plaintiff.

92. In the alternative, Defendants acted with reckless disregard as to such Plaintiff's legal rights by expressly permitting, allowing, or condoning the use of Plaintiffs' Images in the Offending Advertisements on the Social Media Account for the purpose of marketing, advertising, promoting, and implying endorsement of the Club and its activities.

93. In the alternative, Defendants acted negligently in permitting, allowing, or condoning the use of each Plaintiff's Image on the Social Media Account for the purpose of marketing, advertising, promoting, and implying endorsement of Defendants' Club and its activities.

94. Defendants knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a person's Image for Defendants' commercial benefit.

95. Nonetheless, Defendants circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendants.

96.Defendants' unauthorized use, alteration, and appropriation of Plaintiffs' Images has and will continue to directly and proximately damage Plaintiffs, their reputations, and their brands by attributing to Plaintiffs a false association with, involvement with, or endorsement of the Club and the Club's activities, and by disparaging Plaintiffs' modeling work and services.

97.As a direct and proximate result of Defendants unauthorized use of each Plaintiff's Image, Defendants damaged Plaintiffs by failing to compensate them for the fair market value for the right to use her Image, and by causing harm to Plaintiffs' goodwill and reputation, including their modeling goods and services, which have been disparaged and defamed by Defendants' conduct.

98.As a direct and proximate result of Defendants' unauthorized use, Defendants have earned and withheld profits attributable directly or indirectly to Defendants' unlawful use of each Plaintiffs' Images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

99.Based on the foregoing, Plaintiffs demand judgment against Defendants on their respective common law right of publicity claims and entry of an order awarding them damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT III**
**Violation of Plaintiffs' Common Law of Right of Privacy – Appropriation**

100. Plaintiffs re-state and re-allege paragraphs 1 through 52 above and incorporate the same by reference as though fully set forth herein.

101. Each Plaintiff brings this claim against Defendants.

102. Plaintiffs restate and re-allege paragraphs 83-98 herein, as a common law right of privacy – appropriation claim is identical to a common law right of publicity claim but for the inclusion within a common law right of privacy – appropriation claim of an additional element of recoverable damages for harm to each Plaintiff's personal, as opposed to solely commercial, interests, and Defendants' conduct harmed Plaintiffs not only professionally but also personally by associating them with a business with which she did not want to be associated.

103. Based on the foregoing, all Plaintiffs demand judgment against Defendants on their respective common law right of privacy appropriation claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT IV**
**Misappropriation of Advertising Idea**

104. Plaintiffs re-state and re-allege paragraphs 1 through 52 above and incorporate the same by reference as though fully set forth herein.

105. Each Plaintiff brings this claim against Defendants.

106. Each Plaintiff is the owner of a distinct and unique advertising idea: if you use my Image in your advertisement, you can increase exposure and ultimately business.

107. Defendants misappropriated Plaintiffs' advertising ideas by using or allowing the use of such Plaintiff's Image in the Offending Advertisements promoting the Club for Defendants' own benefit without first obtaining permission from, or making any payment to, such Plaintiffs for the use of their advertising idea.

108. As a direct and proximate result of Defendants' unauthorized use of such Plaintiff's advertising idea, Defendants have damaged Plaintiffs by failing to compensate them for the right to use their advertising ideas in an amount to be determined at trial.

109. Based on the foregoing, all Plaintiffs demand judgment against Defendants on their respective common law misappropriation of advertising idea claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT V**
**Common Law Negligence**

110. Plaintiffs re-state and re-allege paragraphs 1 through 52 above and incorporate the same by reference as though fully set forth herein.

111. Each Plaintiff brings this claim against Defendants.

112. Defendants were negligent in their failure to supervise their managers, employees, contractors, agents, or promoters, and further negligent in their failure promulgate policies and procedures, with respect to the use of only photographs of persons in advertising on the Social Media Account or elsewhere for which Defendants had legal right and authority.

113. Defendants' negligent failure to supervise or promulgate policies and procedures was the proximate cause of the harm and damages each Plaintiff suffered when Defendants used, published, and/or rebranded each Plaintiff's Image in Offending Advertisements on the Social Media Account, defaming and disparaging Plaintiffs and their reputations and brands, without permission or payment.

114. In the alternative, even if Defendants promulgated policies and procedures concerning use of only such images in advertising on the Social Media Account or elsewhere for which Defendants had legal right and authority, Defendants nevertheless negligently failed to enforce those policies and procedures, failed to sufficiently communicate them to managers, employees, contractors, agents, or promoters, and failed to exercise reasonable supervision of managers, employees, contractors, agents, or promoters.

115. In addition, Defendants had a duty to exercise reasonable care in refraining from appropriating the images and advertising ideas of individuals from

whom Defendants lacked permissions, consent, or license, and breached that duty by their negligent hiring, screening, retaining, supervising, and/or training of their managers, employees, agents, contractors, and promoters involved in advertising activities for the Club.

116. As a direct and proximate result of Defendants' negligence as alleged herein, Plaintiffs have suffered damages and demand judgment against Defendants on Plaintiffs' negligence claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT VI**
**<u>Unjust Enrichment</u>**

117. Plaintiffs re-state and re-allege paragraphs 1 through 52 above and incorporate the same by reference as though fully set forth herein.

118. Each Plaintiff brings this claim against Defendants.

119. As previously alleged, Defendants used and continue to use each Plaintiff's Image to advertise and promote the Club and its activities, thereby driving customers, business, and revenue to the Club, and thereby, Plaintiffs conferred a benefit on Defendants.

120. Defendants knew or should have known that they benefited from the use of Plaintiffs' Images as is evident from the fact that Defendants published or

allowed publication or republished or allowed republication of Plaintiffs' Images to promote and advertise the Club and its activities.

121. Although Defendants knew or should have known of the negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's Image for commercial benefit, Defendants retained the benefits of using such Plaintiff's Image without permission from or compensation to Plaintiffs.

122. Moreover, Defendants circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, and the costs of licensing, totaling a substantial sum of money and resulting in a windfall for Defendants.

123. Defendant unauthorized use and alteration of such Plaintiff's Image has and will continue to directly and proximately cause harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs their association with, involvement with, or endorsement of the Club, and by disparaging the nature of such Plaintiff's modeling work and services.

124. As a direct and proximate result of Defendants' actions, Defendants have damaged Plaintiffs by failing to compensate them for the value of the misappropriated uses of such Plaintiff's Image and by associating them with the Club without any Plaintiff's consent.

125. As a direct and proximate result of the benefit all Plaintiffs conferred on Defendants, Defendants have earned and continue to earn and withhold profits attributable directly or indirectly to the unlawful use of such Plaintiff's Image, entitling Plaintiffs to a disgorgement of those ill-gotten gains as remuneration.

126. Based on the foregoing, all Plaintiffs demand judgment against Defendants on their respective unjust enrichment equitable claims and entry of an order awarding Plaintiffs restitution, injunctive relief, equitable relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

## VI. DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendants on the claims listed above as follows:

1. For actual, consequential, and incidental damages in an amount to be proven at trial;
2. For the amount due, owing, and unpaid to Plaintiffs as actual damages in the amount of the fair market value compensation Plaintiffs would have otherwise received for uses of each Plaintiff's Image in the Offending Advertisements;
3. For trebling of damages or statutory damages as permitted by law;
4. For prejudgment interest in an amount permitted by law;

5. For disgorgement of Defendants' profits;

6. For a permanent injunction barring Defendants' use of each Plaintiff's Image in advertisements or other promotional material for the Club, including but not limited to an order requiring Defendants to direct removal of the advertisements containing any Plaintiff's Image from the Social Media Account or any other accounts over which a Defendant may exercise control;

7. For costs of this lawsuit;

8. For reasonable attorneys' fees; and

9. For all such other and further relief as proper and equitable.

## VII. JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues so triable in the above matter.

Dated: October 27, 2026

Respectfully submitted,

s/ Edmund S. Aronowitz
Edmund S. Aronowitz
Attorney Bar Number: P81474 (MI) and admitted E.D. Wis.
Attorney for Plaintiffs
ARONOWITZ LAW FIRM PLLC
220 S. Main St. Ste. 305
Royal Oak, Michigan 48067
Telephone: (248) 716-5421
Email: edmund@aronowitzlawfirm.com